BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE HELICOPTER CRASH NEAR )
CAMERON, LOUISIANA, ON ) DOCKET NO. 322
APRIL 23, 1976 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of eight actions pending in two districts: five in the Eastern District of Louisiana, and three in the Eastern District of Texas.

The eight actions stem from the deaths of seven individuals in a helicopter crash on April 23, 1976, in the Gulf of Mexico near the coasts of Texas and Louisiana. Principal defendants include the helicopter's owner (involved in all eight actions), its manufacturer (involved in seven actions), and the employer of the decedents (involved in four Louisiana actions and one Texas action). In each action, plaintiffs in essence allege that defendants' negligence caused the crash and that therefore plaintiffs are entitled to recover damages under the Death on the High

Seas Act, the Jones Act and/or state wrongful death statutes, *inter alia*.

Because it appeared that these eight actions might be appropriate for transfer under 28 U.S.C. §1407, the Panel issued an order to show cause why these actions should not be transferred under Section 1407 to a single district for coordinated or consolidated pretrial proceedings.[1] Plaintiffs in the five Louisiana actions and the defendants that have responded favor transfer of all actions in this litigation to the Eastern District of Louisana. Plaintiffs in two of the Texas actions oppose transfer. Although we recognize the existence of common questions of fact among these actions concerning the cause or causes of the helicopter crash, we find that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, the order to show cause is vacated.

At the outset, we observe that the parties favoring transfer in this litigation have focused their arguments on why the Eastern District of Louisiana would be an appropriate transferee forum, but have offered no argument as to whether the eight actions involved should indeed be transferred to a single district for coordinated or consolidated pretrial proceedings.

---

[1] See Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975).

We are advised that four of the five Louisiana actions have been consolidated and that the trial court in the consolidated actions has set a final pretrial conference for mid-April and scheduled May 11, 1978, as the date for commencement of trial. The claims in the fifth Louisiana action are subsumed in the claims in the amended complaint in one of the four consolidated actions. Moreover, we are informed that one of the Texas actions is set for trial on April 10, 1978. Regarding one of the two other Texas actions, counsel has stated that the question of liability might never arise because of important threshhold issues involving the standing of the plaintiff parent in that action to sue and the potentially preclusory effect of a previous settlement agreement executed by the decedent's spouse. Transcript at 84. Under these circumstances, we cannot conclude that transfer of this particular litigation under Section 1407 will further the purposes of the statute.

IT IS THEREFORE ORDERED that the show cause order previously entered concerning the actions listed on the following Schedule A be, and the same hereby is, VACATED.

SCHEDULE A  --  MDL-322

| EASTERN DISTRICT OF LOUISIANA | Civil Action No. |
|---|---|
| Carolyn Ann Coleman v. Dolphin International, Inc., et al. | 77-1644-SEC.E |
| Catherine Sue Taylor v. Dolphin International Inc., et al. | 77-1834-SEC.B |
| Cleveland Taylor v. Dolphin International, Inc., et al. | 76-2573-SEC.E |
| Anna L. Ripkowski Kroll v. Petroleum Helicopters, Inc., et al. | 77-1645-SEC.E |
| Frieda Nell Korn Poole v. Petroleum Helicopters, Inc., et al. | 77-1646-SEC.E |

| EASTERN DISTRICT OF TEXAS | |
|---|---|
| Jim Ailey v. Bell Helicopter International, Inc., et al. | S-77-31-CA |
| Mrs. Maxie Dunaway v. Dolphin International, Inc., et al. | M-77-31-CA |
| Mary E. Barger v. Petroleum Helicopters, Inc., et al. | B-77-180-CA |